**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**Harrisburg DIVISION**

In re: STASIAK, JOSEPH ANDREW § Case No. 21-01046
§
§
§
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 05/07/2021. The undersigned trustee was appointed on 05/07/2021.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of $ 98,500.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 62,489.92 |
| Administrative expenses | 6,823.22 |
| Bank service fees | 251.66 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 2,500.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1] | $ 26,435.20 |

The remaining funds are available for distribution.

_____

[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 02/19/2022 and the deadline for filing governmental claims was 11/03/2021. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $7,380.14. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $7,380.14, for a total compensation of $7,380.14[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $27.73 for total expenses of $27.73[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/28/2022            By: /s/ Lawrence V. Young
                                Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

# Form 1
# Individual Estate Property Record and Report
## Asset Cases

Case No.: 21-01046  
Case Name: STASIAK, JOSEPH ANDREW  
For Period Ending: 04/28/2022

Trustee Name: (580410) Lawrence V. Young  
Date Filed (f) or Converted (c): 05/07/2021 (f)  
§ 341(a) Meeting Date: 06/09/2021  
Claims Bar Date: 02/19/2022

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property Formally<br>Abandoned<br>OA=§554(a)<br>abandon. | 5<br>Sale/Funds<br>Received by the<br>Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 626 N. Pershing Ave, York, PA 17404-0000, York C<br>The trustee listed the property for sale at $79,900. | 105,000.00 | 46,467.51 | | 85,000.00 | FA |
| 2 | 640 Windsor Rd, Red Lion, PA 17356-0000, York Co | 270,000.00 | 0.00 | | 0.00 | FA |
| 3 | 2002 Mazda B2300. Entire property value: $1,000.<br>The cost of liquidation would consume any non-exempt equity. | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 4 | 2009 Honda Pilot Spouse's vehicle and is marital<br>Asset is owned jointly with non-filing spouse. The value of the asset has been reduced by the marital adjustment. The cost of liquidation would consume any non-exempt equity. | 3,700.00 | 0.00 | | 0.00 | FA |
| 5 | Misc household goods | 2,000.00 | 0.00 | | 0.00 | FA |
| 6 | Personal Tools<br>The cost of liquidation would consume any non-exempt equity. | 1,500.00 | 1,500.00 | | 0.00 | FA |
| 7 | Collectibles | 150.00 | 0.00 | | 0.00 | FA |
| 8 | Men's clothes | 150.00 | 0.00 | | 0.00 | FA |
| 9 | Cash | 40.00 | 0.00 | | 0.00 | FA |
| 10 | Checking: Members 1st<br>The cost of liquidation would consume any non-exempt equity. | 4.39 | 4.39 | | 0.00 | FA |
| 11 | Checking: First National Bank | 8,299.00 | 0.00 | | 0.00 | FA |
| 12 | Checking: First National Bank | 505.00 | 0.00 | | 0.00 | FA |
| 13 | Checking: First National Bank | 90.00 | 0.00 | | 0.00 | FA |
| 14 | Deposits of money: First National Bank | 63.00 | 0.00 | | 0.00 | FA |
| 15 | 401 (k): John Handcock<br>This asset is not an asset of the Bankruptcy Estate. | 25,051.00 | 0.00 | | 0.00 | FA |
| 16* | Suit vs. Homecheck (See Footnote) | 30,000.00 | 30,000.00 | | 10,000.00 | FA |
| 17 | Escrot refund from refinance of house. Total amo<br>The full value of the asset is $4,360. The scheduled value reflects 1/2 of the value as Debtor's spouse was potentially entitled to 50% interest in the equity of the property pending the parties' divorce. The Trustee agreed to accept $3,500 in satisfaction of the turnover of this asset. | 2,180.00 | 2,011.02 | | 3,500.00 | FA |
| 17 | **Assets Totals (Excluding unknown values)** | **$449,732.39** | **$80,982.92** | | **$98,500.00** | **$0.00** |

# Form 1
# Individual Estate Property Record and Report
## Asset Cases

**Case No.:** 21-01046  
**Case Name:** STASIAK, JOSEPH ANDREW  
**Trustee Name:** (580410) Lawrence V. Young  
**Date Filed (f) or Converted (c):** 05/07/2021 (f)  
**§ 341(a) Meeting Date:** 06/09/2021  

**For Period Ending:** 04/28/2022  
**Claims Bar Date:** 02/19/2022  

RE PROP# 16    Pursuant to Trustee's Motion to Approve Settlement, $7,500 will be turned over to the Bankruptcy Estate and $2,500 will be turned over to Debtor's non-filing spouse.

**Major Activities Affecting Case Closing:**

    Trustee sold debtor's non-residential real estate and resolved pending litigation against Homechek. Funds disbursed to non-filing spouse per Stipulation approved by Court Order dated 1/5/2022.

**Initial Projected Date Of Final Report (TFR):** 12/31/2022     **Current Projected Date Of Final Report (TFR):** 04/28/2022 (Actual)

04/28/2022  
Date

/s/Lawrence V. Young  
Lawrence V. Young

UST Form 101-7-TFR (5/1/2011)  
Case 1:21-bk-01046-HWV   Doc 53   Filed 05/27/22   Entered 05/27/22 13:14:34   Desc
Main Document   Page 4 of 12

# Form 2
## Cash Receipts And Disbursements Record

Exhibit B
Page: 1

| | | |
|---|---|---|
| **Case No.:** 21-01046 | **Trustee Name:** | Lawrence V. Young (580410) |
| **Case Name:** STASIAK, JOSEPH ANDREW | **Bank Name:** | Metropolitan Commercial Bank |
| **Taxpayer ID #:** **-***9933 | **Account #:** | ******1050 Checking Account |
| **For Period Ending:** 04/28/2022 | **Blanket Bond (per case limit):** | $5,454,454.00 |
| | **Separate Bond (if applicable):** | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 07/21/21 | {17} | Joseph A. Stasiak | Turnover of non-exempt funds | 1129-000 | 3,500.00 | | 3,500.00 |
| 07/30/21 | | Metropolitan Commercial Bank | Bank and Technology Services Fee | 2600-000 | | 5.00 | 3,495.00 |
| 08/31/21 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 5.97 | 3,489.03 |
| 09/01/21 | | Zubely Hidalgo | Proceeds from sale of real estate | | 15,650.08 | | 19,139.11 |
| | {1} | Zubely Hidalgo | Contract sale price $85,000.00 | 1110-000 | | | |
| | | Stock and Leader, LLP | Notary fee -$10.00 | 2500-000 | | | |
| | | York County Recorder of Deeds | Transfer tax -$850.00 | 2500-000 | | | |
| | | York Water Company/York City Treasurer | Net local real estate taxes and sewer taxes -$232.05 | 4800-000 | | | |
| | | Berkshire Hathaway/Keller Williams | Realtor commission -$5,950.00 | 3510-000 | | | |
| | | Wells Fargo | Payoff of mortgage -$62,257.87 | 4110-000 | | | |
| | | York Water Company | Escrow for sewer and water from 8/16 - 9/13 -$50.00 | 4800-000 | | | |
| 09/30/21 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 28.16 | 19,110.95 |
| 10/29/21 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 29.60 | 19,081.35 |
| 11/30/21 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 32.62 | 19,048.73 |
| 12/31/21 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 31.54 | 19,017.19 |
| 01/18/22 | 101 | International Sureties | Insurance Bond Premium | 2300-000 | | 13.22 | 19,003.97 |
| 01/31/22 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 29.46 | 18,974.51 |
| 02/04/22 | {16} | Amtrust North America-Aiul | Settlement of pending litigation | 1149-000 | 10,000.00 | | 28,974.51 |
| 02/28/22 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 38.53 | 28,935.98 |
| 03/17/22 | | Stock and Leader | Refund of escrow held at settlement for payment of sewer | 4800-000 | | -50.00 | 28,985.98 |
| 03/17/22 | 102 | Kala Stasiak | Proceeds from settlement of litigation against Homechek | 8500-002 | | 2,500.00 | 26,485.98 |
| 03/31/22 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 50.78 | 26,435.20 |
| | | **COLUMN TOTALS** | | | 29,150.08 | 2,714.88 | $26,435.20 |
| | | Less: Bank Transfers/CDs | | | 0.00 | 0.00 | |
| | | **Subtotal** | | | 29,150.08 | 2,714.88 | |
| | | Less: Payments to Debtors | | | | 0.00 | |
| | | **NET Receipts / Disbursements** | | | $29,150.08 | $2,714.88 | |

{ } Asset Reference(s)     UST Form 101-7-TFR (5/1/2011)     ! - transaction has not been cleared

# Form 2

# Cash Receipts And Disbursements Record

Exhibit B
Page: 2

| | |
|---|---|
| **Case No.:** 21-01046 | **Trustee Name:** Lawrence V. Young (580410) |
| **Case Name:** STASIAK, JOSEPH ANDREW | **Bank Name:** Metropolitan Commercial Bank |
| **Taxpayer ID #:** **-***9933 | **Account #:** ******1050 Checking Account |
| **For Period Ending:** 04/28/2022 | **Blanket Bond (per case limit):** $5,454,454.00 |
| | **Separate Bond (if applicable):** N/A |

| | |
|---|---:|
| Net Receipts: | $29,150.08 |
| Plus Gross Adjustments: | $69,349.92 |
| Less Payments to Debtor: | $0.00 |
| Less Other Noncompensable Items: | $2,500.00 |
| Net Estate: | $96,000.00 |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---:|---:|---:|
| ******1050 Checking Account | $29,150.08 | $2,714.88 | $26,435.20 |
| | **$29,150.08** | **$2,714.88** | **$26,435.20** |

04/28/2022
Date

/s/Lawrence V. Young
Lawrence V. Young

# Exhibit C

## Claims Register

**Case: 21-01046 JOSEPH ANDREW STASIAK**

**Claims Bar Date:** 2/19/22 12:00

| Claim # | Claimant Name | Claim Type | Acct# | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| BOND | International Sureties<br>701 Poydras Street<br>Suite 402<br>New Orleans, LA 70139 | Admin Ch. 7 | | $ 13.22 | $13.22 | $0.00 |
| FEE | Lawrence V. Young<br>135 North George Street<br>York, PA 17401 | Admin Ch. 7 | | $ 7,380.14 | $0.00 | $7,380.14 |
| NC | Wells Fargo | Secured | | $ 62,257.87 | $62,257.87 | $0.00 |
| SURPLUS | STASIAK, JOSEPH ANDREW<br>640 WINDSOR RD<br>RED LION, PA 17356 | Unsecured | | $ 13,397.19 | $0.00 | $13,397.19 |
| TE | Lawrence V. Young<br>135 North George Street<br>York, PA 17401 | Admin Ch. 7 | | $ 27.73 | $0.00 | $27.73 |

# Exhibit C

# Claims Register

## Case: 21-01046 JOSEPH ANDREW STASIAK

**Claims Bar Date:** 2/19/22 12:00

| Claim # | Claimant Name | Claim Type | Acct# | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | CGA Law Firm | Admin Ch. 7 | | $ 5,395.00 | $0.00 | $5,395.00 |
| | CGA Law Firm | Admin Ch. 7 | | $ 235.14 | $0.00 | $235.14 |
| | MOVEMENT MORTGAGE, LLC<br>P.O. Box 105178<br>Atlanta, GA 30348-5178 | Secured | | $ 0.00 | $0.00 | $0.00 |
| | TIAA BANK<br>PO Box 37628<br>Philadelphia, PA 19101-0628 | Secured | | $ 0.00 | $0.00 | $0.00 |
| | HOME DEPOT<br>POBOX 689100<br>DES MOINES, IA 50368 | Unsecured | | $ 0.00 | $0.00 | $0.00 |

# Exhibit C

# Claims Register

**Case: 21-01046 JOSEPH ANDREW STASIAK**

**Claims Bar Date:** 2/19/22 12:00

| Claim # | Claimant Name | Claim Type | Acct# | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| | MEMBERS 1STFCU<br>PO BOX 2109<br>Mechanicsburg, PA 17055-1719 | Unsecured | | $ 0.00 | $0.00 | $0.00 |
| | TARGET<br>P.O. BOX 1581<br>Minneapolis, MN 55440 | Unsecured | | $ 0.00 | $0.00 | $0.00 |
| | US Dept, of Education<br>400 Maryland Ave., SW<br>Washington, DC 20202 | Unsecured | | $ 0.00 | $0.00 | $0.00 |
| | | | **Case Total:** | | **$62,271.09** | **$26,435.20** |

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 21-01046
Case Name: JOSEPH ANDREW STASIAK
Trustee Name: Lawrence V. Young

**Balance on hand:** $ 26,435.20

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| NC | Wells Fargo | 0.00 | 62,257.87 | 62,257.87 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 26,435.20

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Lawrence V. Young | 7,380.14 | 0.00 | 7,380.14 |
| Trustee, Expenses - Lawrence V. Young | 27.73 | 0.00 | 27.73 |
| Attorney for Trustee Fees - CGA Law Firm | 5,395.00 | 0.00 | 5,395.00 |
| Bond Payments - International Sureties | 13.22 | 13.22 | 0.00 |
| Attorney for Trustee, Expenses - CGA Law Firm | 235.14 | 0.00 | 235.14 |

Total to be paid for chapter 7 administrative expenses: $ 13,038.01
Remaining balance: $ 13,397.19

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 13,397.19

**UST Form 101-7-TFR(5/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

| | |
|---|---|
| Total to be paid for priority claims: | $ 0.00 |
| Remaining balance: | $ 13,397.19 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).
Timely claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

| | |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 13,397.19 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

| | |
|---|---|
| Total to be paid for tardily filed general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 13,397.19 |

**UST Form 101-7-TFR(5/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | None | | | |

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 13,397.19 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.06% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $0.00. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $13,397.19.

**UST Form 101-7-TFR(5/1/2011)**